Hugues<br>v.<br>Klingender.

## Charles E. Knabe et als. *v.* J. B. Fernot et als.

An appeal will lie from an *ex parte* order setting aside an injunction, upon giving bond, under Article 307 C. P.

Where the dissolution of an injunction is calculated to work an irreparable injury, by depriving members of a corporation of privileges, the value of which cannot be estimated in dollars and cents, the injunction cannot be set aside upon giving bond.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *Tissot & Filleul*, for plaintiffs. *Collens & Woolridge*, for defendants and appellants.

MERRICK, C. J. The appeal is taken in this case from an *ex parte* order setting aside an injunction, upon giving bond, under Art. 307 C. P. The plaintiffs alleges :

" That plaintiffs and defendants are all members of a duly incorporated society established for *masonic* purposes ; that the society owns a masonic hall and surrounding grounds, with the furniture and paraphernalia necessary for assembling masonically and performing masonic rites and ceremonies ; that the enjoyment of this hall and grounds, furniture, &c., and holding masonic assemblies therein, are franchises of the members ; that the defendants, being a small majority, conspired to deprive the plaintiffs of these franchises, and of all use of the property, all the intellectual and moral enjoyment afforded by masonic meetings and rights, and of all the recreation and pleasure of visiting the garden, &c ; that defendants sought to appropriate the property and franchises exclusively to themselves, and for this purpose said defendants had procured a *separate* incorporation under the name of " St. Andrew *No. Five*," and then at a meeting of the society owning the property, caused one of their number to present a resolution *leasing the whole property for years to themselves, at a mere nominal price ;* that the defendants carried this resolution *by their own votes*, and were about to carry out this fraudulent act by taking exclusive possession and expelling the petitioners from the

common property and franchises, and depriving them of all enjoyment thereof. They pray for an injunction against this disturbance, and for the nullity of the fraudulent and simulated lease," &c.

The simple question is, therefore, whether or not the dissolution of the injunction is calculated to work irreparable injury to plaintiffs.

It would be difficult to estimate in dollars and cents the damage the plaintiffs may sustain by being deprived of their supposed privileges as members of the corporation. A compensation even in damages could not, therefore, be readily awarded plaintiffs. If the plaintiffs have any right at all, they are entitled to maintain their injunction until they can be heared contradictorily with their opponents. The *ex parte* order setting aside the injunction, seems to have been unadvisedly entered.

Whether the proceeding is a proper one, or what are plaintiffs' rights under allegations, cannot be considered, in the absence of an exception or rule, or any issue formed by the proceedings.

It is, therefore, ordered, adjudged and decreed by the court, that the *ex parte* order of March 5th, 1859, dissolving the injunction, be set aside; and the injunction granted in this case reinstated. And it is further ordered, that this case be remanded for further proceedings; the defendants and appellees paying the costs of the appeal.